UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 07 CIV 8182

------------------------------------
# JUDGE BRIEANT

LAWRENCE BOWEN,

Civil Action No.
07 CV

           Plaintiff,

       -against-

**NOTICE OF REMOVAL**

HOME DEPOT USA, INC. a/k/a HOME
DEPOT, INC.,

Dutchess County
Index No.: 5594/2007

           Defendant-Petitioner.
---------------------------------------X

SEP 19 2007

CASHIERS

## TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

Defendant-Petitioner, HOME DEPOT U.S.A., INC. i/s/h/a HOME DEPOT USA, INC. a/k/a HOME DEPOT, INC. ("Petitioner"), by its attorneys, SIMMONS, JANNACE & STAGG, L.L.P., KATHRYN FITZGERALD, ESQ., of counsel, upon information and belief, respectfully petitions the Court, pursuant to 28 U.S.C. § 1441, as follows:

1.    On or about August, 2007, the above-captioned civil action was commenced and is now pending in the Supreme Court of the State of New York, County of Dutchess.  A trial has not yet been had therein.  A copy of the Summons and Complaint is annexed as Exhibit A.  Petitioner has not yet served an answer to Plaintiff's Complaint.

2.    The action seeks monetary damages for injuries allegedly suffered by plaintiff, LAWRENCE BOWEN, allegedly as the

1

result of LAWRENCE BOWEN being present at Petitioner's store.  The plaintiff's complaint sounds in negligence.

3.    The action involves a controversy between citizens of different states, in that: (a) Plaintiff is a citizen of the State of New York; and (b) Petitioner is now, and was at the time the action was commenced, a Delaware Corporation with its principal place of business in the State of Georgia.

4.    This action is one of which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1332.  There is complete diversity between Petitioner and Plaintiff.

5.    Additionally, the amount in controversy exceeds $75,000.  In his complaint BOWEN alleges that as a result of the incident complained of he sustained tears to both lateral and medial menisci, tear of the anterior cruciate ligament and partial tear of the posterior cruciate ligament which injuries required surgical intervention.

6.    Plaintiff BOWEN claims that his damages have a value in excess of the jurisdictional limits of all lower courts.

7.    This Notice of Removal is being filed within thirty (30) days after receipt of plaintiff's complaint and a confirmation that the amount in controversy exceeds $75,000.

2

8.    Written notice of the filing of this Notice of Removal will be given to plaintiff promptly after the filing of this Notice.

9.    A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the Supreme Court of the State of New York, County of Dutchess promptly after the filing of this Notice.

10.    Attached to this notice, and by reference made a part hereof, are true and correct copies of all process and pleadings filed herein.

11.    By filing this Notice of Removal, Petitioner does not waive any defense which may be available to it, specifically including, but not limited to, its right to contest *in personam* jurisdiction over Petitioner, improper service of process and the absence of venue in this Court or the Court from which this action has been removed.

**WHEREFORE**, Petitioner prays that the above-captioned action now pending in the Supreme Court in the State of New York, County of Dutchess, be removed therefrom to this Court.

Dated:     Syosset, New York
           September 18, 2007

                          SIMMONS, JANNACE & STAGG, L.L.P.

                          By: _____
                              KATHRYN FITZGERALD (kf-3697)

                          Attorneys for Defendant
                          HOME DEPOT U.S.A., INC. i/s/h/a
                          HOME DEPOT USA, INC. a/k/A
                          HOME DEPOT, INC.
                          **Office & P.O. Address**
                          75 Jackson Avenue, Suite 100
                          Syosset, New York 11791-3139
                          (516) 357-8100

TO:
THE LAW OFFICE OF
ROBERT P. CUSUMANO, ESQ.
Attorney for Plaintiff
LAWRENCE BOWEN
Office & P.O. Address:
1068 Main Street, Suite 205
Fishkill, New York 12524
(845) 527-7882

not.removal.hod

4

**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
-----------------------------------------------------------------X
LAWRENCE BOWEN,

                Plaintiff,


    -against-


HOME DEPOT USA, INC. a/k/a HOME DEPOT, INC.
    dsc –
              Defendant
           80 State St.
-----------------------------------------------------------------X

Index No.: 2007/5594
Date Purchased:
**SUMMONS**

Plaintiff designates Dutchess
County as the place of trial.

The basis of venue is:
Plaintiff's residence.

Plaintiff resides at:
27 Franklindale Ave.
Box 1094
Wappingers Falls, N.Y. 12590

County of Dutchess


**To the above named Defendant(s):**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:      Fishkill, New York
              August 10, 2007


                    Yours, etc.

                    Robert P. Cusumano, Esq.
                    The Law Office of
                    Robert P. Cusumano
                    **Attorney for Plaintiff**
                    **LAWRENCE BOWEN**
                    **1068 Main St. Suite 205**
                    **Fishkill, N.Y. 12524**
                    **(845) 527-7882**

2007 AUG 16  PH 4: 46
DUTCHESS COUNTY
CLERK'S OFFICE
RECEIVED

TO:
Home Depot U.S.A., Inc.
2455 Paces Ferry Rd. NW
Atlanta, Ga. 30339-4053

C/O Corporation Service Company
80 State Street
Albany, N.Y. 12207-2543

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
------------------------------------------------------------X
LAWRENCE BOWEN

INDEX NO: 2007/5594

                              Plaintiff,            **VERIFIED COMPLAINT**

          -against-

HOME DEPOT U.S.A, INC., a/k/a HOME DEPOT, INC.

                              Defendant.
------------------------------------------------------------X


    Plaintiff, LAWRENCE BOWEN, by his attorney, ROBERT P. CUSUMANO, as and for

his Complaint against the defendants herein, alleges, upon information and belief, the following:

    1. At all times referred to herein, plaintiff was and is a resident of the County of

Dutchess and State of New York.

    2. Upon information and belief, at all times referred to herein, the defendant HOME

DEPOT USA, INC., was and is a domestic corporation organized and existing pursuant to the

laws of the State of New York.

    3. Upon information and belief, at all times referred to herein, the defendant HOME

DEPOT USA, INC. was and is a domestic corporation doing business as "THE HOME DEPOT

at 1201South Road a/k/a 1507 RT 9 Wappingers Falls, N.Y.

    4. That upon information and belief, in the alternative, the defendant, HOME DEPOT

USA, INC., was and is a foreign corporation actually registered with and actually transacting

business in and pursuant to the laws of the State of New York.

    5. That upon information and belief, in the alternative, the defendant, HOME DEPOT

USA, INC., was and is a partnership organized and existing pursuant to the laws of the State of

New York.


    **ROBERT P. CUSUMANO, Attorney at Law, 1068 MAIN ST. , Suite 205, Fishkill, NY  12524**

6. That upon information and belief, in the alternative, the defendant, HOME DEPOT USA, INC., was and is a limited liability company organized and existing pursuant to the laws of the State of New York.

6. Upon information and belief, at all times referred to herein, the defendant, HOME DEPOT U.S.A, INC., is the owner of premises situate at 1201 South Road (RT 9) 1201 South Road a/k/a 1507 RT 9 Wappingers Falls, Dutchess County New York

7. Upon information and belief, at all times referred to herein, the defendant, HOME DEPOT U.S.A, INC., is the lessor of premises situate at 1201 South Road (RT 9) a/k/a 1507 RT 9 Wappingers Falls, Dutchess County New York .

8. Upon information and belief, at all times referred to herein, the defendant, HOME DEPOT U.S.A, INC., is the lessee of premises situate at 1201 South Road (RT9) a/k/a 1507 RT 9 Wappingers Falls Dutchess County, New York.

9. Upon information and belief, at all times referred to herein, the aforementioned premises consisted of a business establishment that was open to the public.

10. Upon information and belief, at all times referred to herein, the aforementioned business was more commonly known as "The Home Depot Wappingers Falls".

11. Upon information and belief, at all times referred to herein, defendant HOME DEPOT U.S.A, INC., its agents, servants and/or employees operated premises situate at 1201 South Road (RT9) ) a/k/a 1507 RT 9Wappingers Falls, Dutchess County, New York.

12. Upon information and belief, at all times referred to herein, defendant HOME DEPOT U.S.A, INC., its agents, servants and/or employees managed premises situate at 1201 South Road (RT 9) ) a/k/a 1507 RT 9 Wappingers Falls, Dutchess County, New York.

ROBERT P. CUSUMANO, Attorney at Law, 1068 MAIN ST. , Suite 205, Fishkill, NY 12524

13. Upon information and belief, at all times referred to herein, defendant HOME DEPOT U.S.A, INC., its agents, servants and/or employees controlled premises situate at 1201 South Road (RT 9) a/k/a 1507 RT 9 Wappingers Falls, Dutchess County, New York.

14. Upon information and belief, at all times referred to herein, defendant HOME DEPOT U.S.A, INC., its agents, servants and/or employees maintained premises situate at 1201 South Road (RT 9) ) a/k/a 1507 RT 9 Wappingers Falls, Dutchess County, New York.

15. Upon information and belief, at all times referred to herein, plaintiff, Lawrence Bowen, as a patron and customer of the The Home Depot Wappingers Falls, was legally and lawfully upon the premises owned and/or operated and/or maintained and/or controlled by the defendant.

16. That on or about August 23, 2004, in the morning of that day, plaintiff, Lawrence Bowen, was injured when, while shopping in the Home Depot Wappingers Falls store, he was caused to trip and fall as a result of a fork lift negligently placed, left, and allowed to remain protruding into a walkway and aisle of the said store where plaintiff was walking.

17. Upon information and belief, the object which cased the plaintiff to trip and fall was not an item for sale to the general public.

18. Upon information and belief, the object which caused the plaintiff to trip and fall was owned by the defendant and used in the operations of the defendant store.

19. After tripping over the aforesaid object, plaintiff, twisted and bent his right knee, was precipitated to the floor, and rendered dazed and semi-conscious, and, upon information and belief, plaintiff, Lawrence Bowen, sustained serious injuries, including but not limited to , tears of both lateral and medial menisci, tear of the anterior cruciate ligament, at least partial tear of the posterior cruciate ligament, large joint effusion, strain and sprain of the muscles, tendons and

ligaments of the right knee, pain, suffering and disability, requiring surgical intervention and all

sequelae thereof causing also the Plaintiff to incur and/or become legally responsible for bills for

reasonably necessary medical services and will, upon information and belief continue to suffer

such pain, disability and medical expense in the future, wholly and solely as the result of and by

reason of the carelessness and negligence of the defendant.

20. The injuries to the plaintiff, were sustained without any negligence on the part of the

plaintiff contributing thereto.

21. That the aforesaid occurrence was caused solely and as a result of the negligence and

carelessness of the defendant, HOME DEPOT U.S.A, INC., its agents, servants and/or

employees.

22. Upon information and belief, the defendant, its servants, agents and/or employees,

were careless, reckless and negligent, in the operation and/or management and/or control of the

aforesaid premises, without limitation, as follows:

(a) In carelessly and negligently causing, permitting and/or allowing the aforesaid fork

lift which caused plaintiff to trip and fall to be placed and stored in an unreasonably inadequate

and unsafe manner, in an area where customers and patrons of the defendant store, and the

general public were permitted to go;

(b) In carelessly and negligently causing the aforesaid instrument to be inadequately

secured, segregated and maintained so as to preclude the possibility or even the likelihood of its

causing or contributing to a customer or patron of the defendant store, or member of the general

public, and more particularly, the plaintiff, tripping,

ROBERT P. CUSUMANO, Attorney at Law, 1068 MAIN ST., Suite 205, Fishkill, NY 12524

(c) In carelessly and negligently failing to take those steps and do those things which were reasonably necessary and proper, under the circumstances then and there prevailing, to avoid an accident and to protect the safety of the plaintiff;

(d) In carelessly and negligently keeping, maintaining and/or storing the aforesaid instrument in a safe and proper manner;

(e) In carelessly and negligently causing, allowing and/or permitting the aforesaid instrument to be, become and remain dangerously placed, left and/or stored;

(f) In carelessly and negligently causing, allowing and/or permitting the aforesaid instrument to obstruct and interfere with the walking of the plaintiff;

(g) In carelessly and negligently creating and maintaining a nuisance, trap and pitfall at said premises;

(h) In carelessly and negligently failing to supervise the activities at said premises;

(i) In carelessly and negligently failing to give any notice or warning of the dangers then and there existing;

(j) In carelessly and negligently causing, allowing and permitting plaintiff to shop at said premises with an assurance of safety, when dangers existed thereat;

(k) In carelessly and negligently failing to provide for the safety and well-being of its customers, patrons and members of the general public lawfully on its premises;

(l) In carelessly and negligently exposing plaintiff to danger and harm;

(m) In carelessly and negligently failing to properly inspect;

(n) In carelessly and negligently failing to exercise due care, diligence and forbearance so as to have avoided this accident and the injuries to the plaintiff herein;

ROBERT P. CUSUMANO, Attorney at Law, 1068 MAIN ST., Suite 205, Fishkill, NY 12524

(o)  In carelessly and negligently failing to correct or remove the dangerous and unsafe condition, although the defendant, its agents, servants and/or employees, knew or should have known thereof in the exercise of reasonable care;

(p)  In carelessly and negligently failing to maintain the aforesaid premises in a reasonably safe and proper condition;

(q)  In carelessly and negligently causing, creating, allowing and/or permitting the existence of a condition which constituted a trap, nuisance, menace and/or danger to persons lawfully on said premises;

(r)  In carelessly and negligently failing to have taken necessary steps and measures to have prevented the aforesaid instrument and object to be maintained, stored and/or placed in an area where customers and patrons of defendant store, and members of the general public lawfully in and upon said premises, were allowed;

(s)  In carelessly and negligently failing to take suitable and proper precautions for the safety of persons on and using said premises;

(t)  In otherwise being careless, reckless and negligent.

23.    By reason of the foregoing, the plaintiff, Lawrence Bowen, has been damaged in an amount in excess of the jurisdictional limits of all lower courts.

WHEREFORE, plaintiff demands judgment against the defendant(s) as follows:

(1)  On the FIRST CAUSE OF ACTION, a monetary award in an amount exceeding the jurisdictional limits of all lower courts.

(2)  Together with the interest, costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

ROBERT P. CUSUMANO, Attorney at Law, 1068 MAIN ST. , Suite 205, Fishkill, NY 12524

DATED:    Fishkill, New York

        August 8, 2007

ROBERT P. CUSUMANO
Attorney for Plaintiff
1068 Main St. - Suite 205
Fishkill, NY 12524
Phone: (845) 527-7882

## VERIFICATION

STATE OF NEW YORK    )
                             ) ss.:

COUNTY OF DUTCHESS  )

          LAWRENCE BOWEN, being duly sworn, deposes and says:

          1.)    I am the plaintiff in the within action.

          2.)    I have read the annexed Summons and Complaint and know the contents thereof to be true to my own knowledge, with exception of those matters therein to be alleged upon information and belief, and as to those matters I believe them to be true.

Sworn to before me this
_____ day of August, 2007.

NOTARY PUBLIC

ROBERT P. CUSUMANO
Notary Public, State of New York
Reg. No. 02CU5059820
Qualified in Dutchess County
Commission Expires 5/6/06
10

**CERTIFICATION
PURSUANT TO
22 NYCRR Section
130-1.1-a**

The undersigned hereby certifies that the papers served herein:

COMPLAINT

To the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances are not frivolous and otherwise comply with the Rules of the Chief Administrator of the Courts of the State of New York.

Dated:  Fishkill, New York
        August 8, 2007

Yours, etc.,

ROBERT P. CUSUMANO, ESQ.

staple
here

S2902 © 1996 JULIUS BLUMBERG, INC.

staple
here

 1.  Place cover this side up on top of first page of document. Staple as indicated.

 2.  Lift bottom of cover up and over top, folding on top score line.

 3.  Fold cover down behind papers on remaining score line.

Note: Address area on back (middle panel) appears in window of a No. 10 envelope.

**STATE OF NEW YORK, COUNTY OF**                                             ss.:
I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ **Certification By Attorney**    certify that the within
has been compared by me with the original and found to be a true and complete copy.

☐ **Attorney's Affirmation**    state that I am
the attorney(s) of record for                                              in the within
action; I have read the foregoing                                          and know the contents thereof;
the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters
I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.
Dated:
                                                        The name signed must be printed beneath

**STATE OF NEW YORK, COUNTY OF**                                             ss.:
I, the undersigned, being duly sworn, depose and say: I am

☐ **Individual Verification**    in the action; I have read the foregoing
and know the contents thereof; the same is true to my own knowledge, except
as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification**    the                          of
a                                                corporation and a party in the within action; I have read the foregoing
and know the contents thereof; and the same is true to my own knowledge,
except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This
verification is made by me because the above party is a corporation and I am an officer thereof.
The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on
                                                        The name signed must be printed beneath

**STATE OF NEW YORK, COUNTY OF**                         ss.:    (If more than one box is checked—indicate after names type of service used.)
I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On                                           I served the within

☐ **Service By Mail**    by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ **Personal Service on Individual**    by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served
to be the person mentioned and described in said papers as a *party therein*:

☐ **Service by Electronic Means**    by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL.
at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a
copy to the address set forth after each name.

☐ **Overnight Delivery Service**    by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name
below.

Sworn to before me on
                                                        The name signed must be printed beneath

COURT

**STATE OF NEW YORK, COUNTY OF**                                        Index No.                Year

*Attorney(s) for*

*Office and Post Office Address, Telephone*

To

Signature (Rule 130-1.1-a)

*Robert P. Cushman*

Print name beneath

*ROBERT P. CUSHMAN*

Service of a copy of the within is hereby admitted.

Dated: _____

Attorney(s) for

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                                               of which the within is a true copy
will be presented for settlement to the HON.                     one of the judges of the
within named Court, at
on                                    at                    M.

Dated,

                                        Yours, etc.

### CERTIFICATE OF SERVICE

**RE:**    **LAWRENCE BOWEN v. HOME DEPOT USA, INC.
a/k/a HOME DEPOT, INC.,
CIVIL ACTION 07 CV 8182 J. Brieant; M. Pitman**

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NASSAU     )

I, MARILYN C. AVONDET, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this **CIVIL COVER SHEET and NOTICE OF REMOVAL** was made on September 20, 2007 by:

XX    Mail service: Regular first class United States mail, postage fully pre-paid, addressed to:

THE LAW OFFICE OF
ROBERT P. CUSUMANO, ESQ.
Attorney for Plaintiff
LAWRENCE BOWEN
Office & P.O. Address:
1068 Main Street, Suite 205
Fishkill, New York 12524
(845) 527-7882

Under penalty of perjury, I declare that the foregoing is true and correct.

_____
MARILYN C. AVONDET

Sworn to before me this
20th day of September, 2007

_____
NOTARY PUBLIC

JANET L. CORSIE
Notary Public, State of New York
No. 01CO6033230
Qualified in Nassau County
Commission Expires Nov. 15, 20___

SIMMONS, JANNACE & STAGG, L.L.P.
75 Jackson Avenue, Suite 100
Syosset, New York 11791-3139
(516) 357-8100