```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

LAWRENCE BOWEN,

                    Plaintiff,             ANSWER

        - against -                        Civil Action No.:
                                           07 CIV 8182
HOME DEPOT USA, INC. a/k/a HOME
DEPOT, INC.,
                                           J. Brieant
                    Defendant.
                                           M. Pitman
------------------------------------------X
```

Defendant, HOME DEPOT U.S.A., INC. i/s/h/a HOME DEPOT USA, INC. a/k/a HOME DEPOT, INC. (hereinafter "HOME DEPOT"), by its attorneys, SIMMONS, JANNACE & STAGG, L.L.P., as and for its Answer to the Complaint of plaintiff, responds as follows:

1. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "1" of the complaint.

2. Denies the allegations contained in numbered paragraph "2" of the complaint.

3. Denies the allegations contained in numbered paragraph "3" of the complaint.

4. Admits the allegations contained in numbered paragraph "4" of the complaint.

5. Denies the allegations contained in numbered paragraph "5" of the complaint.

6. Denies the allegations contained in numbered paragraph "6" of the complaint.

7. Denies the allegations contained in second numbered paragraph "6" of the complaint, except admits defendant HOME DEPOT U.S.A., INC., is the owner of premises situated at 1507 Route 9 Wappingers Falls, Dutchess County, New York.

8. Denies the allegations contained in numbered paragraph "7" of the complaint.

9. Denies the allegations contained in numbered paragraph "8" of the complaint.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "9" of the complaint.

11. Denies the allegations contained in numbered paragraph "10" of the complaint.

12. Denies the allegations contained in numbered paragraph "11" of the complaint, except admits defendant HOME DEPOT U.S.A., INC., its agents, servants and/or employees operated premises situate at 1507 Route 9 Wappingers Falls, Dutchess County, New York.

13. Denies the allegations contained in numbered paragraph "12" of the complaint, except admits defendant HOME DEPOT U.S.A., INC., its agents, servants and/or employees managed premises

situate at 1507 Route 9 Wappingers Falls, Dutchess County, New York.

    14. Denies the allegations contained in numbered paragraph "13" of the complaint.

    15. Denies the allegations contained in numbered paragraph "14" of the complaint.

    16. Denies the allegations contained in numbered paragraph "15" of the complaint.

    17. Denies the allegations contained in numbered paragraph "16" of the complaint.

    18. Denies the allegations contained in numbered paragraph "17" of the complaint.

    19. Denies the allegations contained in numbered paragraph "18" of the complaint.

    20. Denies the allegations contained in numbered paragraph "19" of the complaint.

    21. Denies the allegations contained in numbered paragraph "20" of the complaint.

    22. Denies the allegations contained in numbered paragraph "21" of the complaint.

    23. Denies the allegations contained in numbered paragraph "22" of the complaint.

    24. Denies the allegations contained in numbered paragraph "22(a)" of the complaint.

25. Denies the allegations contained in numbered paragraph "22(b)" of the complaint.

26. Denies the allegations contained in numbered paragraph "22(c)" of the complaint.

27. Denies the allegations contained in numbered paragraph "22(d)" of the complaint.

28. Denies the allegations contained in numbered paragraph "22(e)" of the complaint.

29. Denies the allegations contained in numbered paragraph "22(f)" of the complaint.

30. Denies the allegations contained in numbered paragraph "22(g)" of the complaint.

31. Denies the allegations contained in numbered paragraph "22(h)" of the complaint.

32. Denies the allegations contained in numbered paragraph "22(i)" of the complaint.

33. Denies the allegations contained in numbered paragraph "22(j)" of the complaint.

34. Denies the allegations contained in numbered paragraph "22(k)" of the complaint.

35. Denies the allegations contained in numbered paragraph "22(l)" of the complaint.

36. Denies the allegations contained in numbered paragraph "22(m)" of the complaint.

37. Denies the allegations contained in numbered paragraph "22(n)" of the complaint.

38. Denies the allegations contained in numbered paragraph "22(o)" of the complaint.

39. Denies the allegations contained in numbered paragraph "22(p)" of the complaint.

40. Denies the allegations contained in numbered paragraph "22(q)" of the complaint.

41. Denies the allegations contained in numbered paragraph "22(r)" of the complaint.

42. Denies the allegations contained in numbered paragraph "22(s)" of the complaint.

43. Denies the allegations contained in numbered paragraph "22(t)" of the complaint.

44. Denies the allegations contained in numbered paragraph "23" of the complaint.

45. Denies plaintiff is entitled to the relief requested in the entire "WHEREFORE Clause".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

46. Plaintiff's complaint fails to state a cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

47. The alleged cause of action in negligence asserted by the plaintiff in the complaint is barred in that the plaintiff failed

to bring this action within three (3) years, as set forth in §214(5) of the CPLR.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

48. Upon information and belief, plaintiff has not effectuated valid service, pursuant to the CPLR, and therefore, this Court lacks jurisdiction over the person of the defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

49. Upon information and belief, this Court lacks jurisdiction over the subject matter of this action.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

50. Upon information and belief, the injuries allegedly sustained by plaintiff were not as a result of any culpable conduct by the defendant herein, or in the alternative, the amount of damages otherwise recoverable shall be diminished in the percentage proportion of the culpable conduct of plaintiff, which contributed to or caused plaintiff's alleged injury.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

51. Upon information and belief, any damages sustained by plaintiff were caused, in whole or in part, by the culpable conduct of plaintiff and/or were aggravated by the culpable conduct of plaintiff.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

52. If plaintiff proves at trial the existence of a dangerous condition, all of which is denied, upon information and belief, any damages sustained by plaintiff were caused by plaintiff's having voluntarily and unreasonably assumed a known and dangerous risk, and/or the damages were caused by or aggravated by such conduct.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

53. Upon information and belief, defendant never received actual or constructive notice of any defective or dangerous condition, and therefore, it cannot be liable for any alleged injuries suffered by plaintiff.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

54. If plaintiff suffered any damages as alleged in the Complaint, such damages were as a result of an independent superseding act by a third party for which defendant cannot be held liable, and defendant's conduct was in no way the proximate cause of such damages.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

55. If plaintiff suffered damages as alleged, then plaintiff failed to mitigate such damages.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

56. If plaintiff herein has received remuneration and/or compensation for some or all of her claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, this defendant is entitled to have plaintiff's award, if any, reduced by the amount of said remuneration and/or compensation, pursuant to Section 4545(c) of the CPLR.

**WHEREFORE**, for all of the foregoing reasons, it is respectfully requested that plaintiff's complaint be dismissed in its entirety, and that defendant be awarded the costs and disbursements of this action, reasonable attorneys fees, and such other and further relief as this Court may deem just and proper.

Dated:   Syosset, New York
         September 20, 2007

                    Yours etc.,

              SIMMONS, JANNACE & STAGG, L.L.P.

              By:  s/Kathryn FitzGerald_____
               KATHRYN FITZGERALD (kf-3697)
              Attorneys for Defendant
              HOME DEPOT U.S.A., INC. i/s/h/a
              HOME DEPOT USA, INC. a/k/a
              HOME DEPOT, INC.
              **Office & P.O. Address:**
              75 Jackson Avenue, Suite 100
              Syosset, New York 11791-3139
              (516) 357-8100

TO:

THE LAW OFFICE OF
ROBERT P. CUSUMANO, ESQ.
Attorney for Plaintiff
LAWRENCE BOWEN
**Office & P.O. Address:**
1068 Main Street, Suite 205
Fishkill, New York 12524
(845) 527-7882

answer.federal

**CERTIFICATE OF SERVICE**

**RE:**     **LAWRENCE BOWEN v. HOME DEPOT USA, INC.
            a/k/a HOME DEPOT, INC.,
            CIVIL ACTION 07 CV 8182 J. Brieant; M. Pitman**

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NASSAU     )

I, MARILYN C. AVONDET, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this **DEFENDANT'S ANSWER** was made on September 21, 2007 by:

XX   Mail service: Regular first class United States mail, postage
     fully pre-paid, addressed to:

THE LAW OFFICE OF
ROBERT P. CUSUMANO, ESQ.
Attorney for Plaintiff
LAWRENCE BOWEN
Office & P.O. Address:
1068 Main Street, Suite 205
Fishkill, New York 12524
(845) 527-7882


Under penalty of perjury, I declare that the foregoing is true and correct.

                                    __s/Marilyn C. Avondet_____
                                       MARILYN C. AVONDET

Sworn to before me this
21st day of September, 2007

_s/Melissa A. McGarry_ Exp. 11/13/10____
NOTARY PUBLIC    Nassau County No.: 01MC6155688


SIMMONS, JANNACE & STAGG, L.L.P.
75 Jackson Avenue, Suite 100
Syosset, New York 11791-3139
(516) 357-8100